[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 103)
The plaintiff, Presence Studios Westport, Filed this seven-count complaint on February 18, 1999. The plaintiff alleges that it is in the business of developing studio productions and it contracted with the defendant, Freelife International, Inc., to provide technical production services for the defendant's 1998 convention. In July, 1998, the plaintiff provided the defendant with a written production budget that included costs relating to video, audio, labor and other materials incident to the production. The parties had agreed in advance that additional services that were needed, but not provided for in the agreement and budget, could be requested and subsequently billed separately. The defendant did request additional services, the plaintiff provided them, and the defendant then made three payments as provided for in the agreement. The plaintiff alleges that it invoiced the defendant for the additional services in August, 1998, but the defendant refused to pay the invoice in full and had breached the agreement by failing to notify the plaintiff of any dissatisfaction with the services provided by the plaintiff under the agreement and by refusing to pay for the agreed upon services. The plaintiff alleges breach of contract, breach of the covenant of good faith and fair dealing, negligent misrepresentation, breach of an oral agreement, unjust enrichment, quantum meruit and a violation of CUTPA.
The defendant now moves to strike count seven of the plaintiff's complaint, which alleges a violation of CUTPA, and the corresponding prayer for relief, paragraphs two, three and four. The defendant contends that the CUTPA count is legally insufficient because the plaintiff fails to allege conduct that rises to the level of "immoral, unethical, oppressive or unscrupulous" conduct. (Defendant's Memorandum, p. 3.) The plaintiff has filed an objection to the motion to strike together with a memorandum in opposition. CT Page 8385
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270, 709 A.2d 558 (1998). A motion to strike admits all facts well pleaded; it does not admit legal conclusions of the truth or accuracy of opinions stated in the pleadings. Faulkner v. United Technologies Corp.,240 Conn. 576, 588, 693 A.2d 293 (1997). The court must take the facts to be those alleged in the complaint and construe the complaint in the manner most favorable to sustaining its legal sufficiency. Sherwood v.Danbury Hospital, 252 Conn. 193, 212-213, 746 A.2d 730 (2000). Finally, a motion to strike is the proper method for attacking the legal sufficiency of any prayer for relief in a complaint. See Practice Book § 10-39.
The overriding principle involved in this motion and dispositive of it is that a simple breach of contract, even if intentional, does not amount to a violation of CUTPA. Giannetti v. Greater Bridgeport IndividualPractice Assn., Superior Court, judicial district of Fairfield at Bridgeport, Docket no. 375718 (April 22, 1999, Melville, J.). A claimant must show substantial aggravating circumstances attending the breach to recover under the Act. Id. Although facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation, many superior courts have held that a simple claim of breach of contract is not sufficient to give rise to a CUTPA violation, particularly where the complaint simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous or offensive to public policy. Id.
Here, the plaintiff's CUTPA count incorporates by reference the facts alleged in the first count (breach of contract) as well as incorporating several paragraphs from count two (breach of covenant of good faith and fair dealing), count three (Negligent misrepresentation) and count four (breach of an oral agreement) Paragraphs twenty-one, twenty-two and twenty-three of the seventh count further allege that the defendant's conduct in unilaterally deducting money owed to other vendors for services provided constitutes unfair or deceptive practices in the conduct of a trade or business. These allegations are legal conclusions that do not set forth how or in what way the actions of the defendant were "unfair, deceptive or unscrupulous." A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based. S.M.S. Textile Mills, Inc. v. Brown, Jacobson,Tillinghast, Lahan King, 32 Conn. App. 786, 797, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993).
For the foregoing reason, this court concludes that count seven of the plaintiff's complaint is legally insufficient as it fails to state a CT Page 8386 claim upon which relief may be granted. Furthermore, because count seven is legally insufficient, the court must also strike the corresponding prayers for relief, paragraphs two (for punitive damages), three (for attorney's fees) and four (costs).[1]
Based on the foregoing, the court hereby GRANTS the defendant's motion to strike count seven of the plaintiff's complaint and paragraphs two, three and four of the prayer for relief as they relate to count seven.
MELVILLE, J.